UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TECHLINK, INC., a Hawaiian corporation,<br><br>Plaintiff,<br><br>v.<br><br>GRAYS HARBOR PUBLIC DEVELOPMENT AUTHORITY, a Washington public corporation,<br><br>Defendant. | Case No. C06-5424RJB<br><br>ORDER ON DEFENDANT'S MOTION TO AMEND ANSWER TO INCLUDE A COUNTERCLAIM |

This matter comes before the court on defendant's Motion to Amend Answer to Include a Counterclaim. Dkt. 14. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On July 27, 2006l, plaintiff Techlink, Inc. (Techlink) filed a diversity action against defendant Grays Harbor Public Development Authority (GHPDA) for breach of contract. The contract at issue allegedly gave Techlink sole rights to sell certain nuclear equipment owned by GHPDA for a period of five years. The complaint alleges that GHPDA breached its contract with Techlink by failing to provide to Techlink with proper nuclear documentation, after assuring Techlink that GHPDA possessed all the necessary nuclear documentation.

On November 30, 2006, GHPDA filed a motion, requesting that the court permit GHPDA to file an amended answer to include a counterclaim for an unpaid invoice of $260,000. Dkt. 14. GHPDA

ORDER
Page - 1

1  maintains that, after the answer was filed, a dispute arose between the parties regarding the sale for

2  $260,000 of four Reactor Coolant Pump Motors that were delivered in July of 2006 but for which

3  GHPDA has not been paid; GHPDA wishes to pursue a claim for this amount as a counterclaim.

4       Techlink opposes the motion to amend. Techlink maintains that Paragraph 9 of the Marketing and

5  Sales Agreement (contract) contains the following language under the Dispute Resolution clause:

> If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Rules.
>
> If any controversy or claim arising out of or relating to this contract, or the breach thereof, cannot be settled by mediation, the parties shall meet to determine other methods by which the dispute is to be resolved. *** If the parties do not agree to arbitrate the dispute within 30 days of a request by one party, then the dispute shall be resolved through litigation.

11  See Dkt. 16, at 2. Accordingly, Techlink believes that the parties should resolve the issue about the four

12  Reactor Coolant Pump Motors by mediation and/or arbitration before pursuing the claim as a counterclaim

13  in this civil action. Techlink contends that it will be prejudiced if GHPDA is permitted to pursue this claim

14  as a counterclaim in this action because the contract was intended to require the parties to engage in less

15  expensive forms of dispute resolution before resorting to litigation.

## LEGAL STANDARD

17       Fed.R.Civ.P. 15(a) provides in relevant part as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

21       In deciding whether the grant a motion to amend, the court considers a number of factors, including

22  undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously

23  allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the

24  amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777,

25  785 (9th Cir. 1997).

## DISCUSSION

27      It is not clear from the documents submitted by the parties that or how the dispute regarding the

28  sale of the Reactant Pump Coolant Motors relates to the claims at issue in the breach of contract action

pled in the complaint. If the proposed counterclaim is separate and independent from the cause of action currently before the court, it appears that the parties should employ the dispute resolution measures set forth in the contract before litigating the counterclaim in this civil action. If the proposed counterclaim is related to or arose out of the breach of contract action pled in the original complaint, it may not be necessary under the contract or cost effective for the parties to pursue the original claim and the counterclaim in parallel proceedings. GHPDA's motion to amend the answer to include a counterclaim should be denied without prejudice. The parties are urged to discuss the issue and attempt to determine the most cost efficient and effective means of resolving the counterclaim.

Therefore, it is hereby

**ORDERED** that defendant Grays Harbor Public Development Authority's Motion to Amend Answer to Include a Counterclaim (Dkt. 14) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of December, 2006.

Robert J. Bryan
United States District Judge

ORDER
Page - 3