UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TECHLINK, INC., a Hawaiian corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>GRAYS HARBOR PUBLIC DEVELOPMENT AUTHORITY, a Washington public corporation,<br><br>         Defendant. | NO. C06-5424 RJB<br><br>COURT'S INSTRUCTIONS TO THE JURY |

DATED this 19th day of November, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 3

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 4**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# INSTRUCTION NO. 5

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in the case.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 7**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 8**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 9

When a party has the burden of proof on a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 10

The plaintiff, Techlink, Inc., has the burden of proving each of the following propositions on its claim of breach of contract:

(1) That the defendant, Grays Harbor Public Development Authority, entered into a contract with Techlink, Inc.;

(2) That Grays Harbor Public Development Authority breached the contract as claimed by Techlink, Inc.;

(3) That Techlink, Inc. was damaged as a result of Grays Harbor Public Development Authority's breach, and the amount of those damages.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for Techlink, Inc. on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Grays Harbor Public Development Authority on this claim.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 11**

A contract is a legally enforceable promise or set of promises. In order for a promise or set of promises to be legally enforceable, there must be mutual assent.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 12

A promise is an expression that justifies the person to whom it is made in reasonably believing that a commitment has been made that something specific will happen or not happen in the future. A promise may be expressed orally, in writing, by conduct, or by a combination of these things.

COURT'S INSTRUCTIONS TO THE JURY

# INSTRUCTION NO. 13

In order for there to be mutual assent, the parties must agree on the essential terms of the contract, and must express to each their agreement to the same essential terms.

COURT'S INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. 14

If you find that all of the provisions of an agreement between plaintiff and defendant are contained in a single written document, and that the document was intended by the parties as their final agreement on the subjects addressed in it, then you may not consider evidence outside the written document.

However, if you find that such written document was not intended to be a complete expression of all of the terms agreed upon by those parties, that is, that the document does not contain all of the terms of their agreement, then you may also consider evidence of the circumstances surrounding the making of the agreement to supply additional terms of the agreement between the parties, but only if they are not inconsistent with the provisions of the written document.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 15**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

In order to recover damages, the plaintiff has the burden of proving that the defendant breached a contract with it and that plaintiff incurred damages as a result of the defendant's breach, and the amount of those damages.

In this case, if you find that plaintiff is entitled to damages, such damages, if any, are to be computed as follows: You should determine the value of plaintiff's right to sell the " EDM's" at the time of breach. This value is measured by the value of the benefit that would have been received by plaintiff if a sale of the "CEDM's" had been completed, multiplied by the likelihood, expressed as a percentage, of the sale ever being consummated and closed.

The burden of proving damages rests with the plaintiff and it is for you to determine whether any particular element has been proved by a preponderance of the evidence.

# INSTRUCTION NO. 16

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict

.

COURT'S INSTRUCTIONS TO THE JURY

**INSTRUCTION NO. 17**

Verdict forms have been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the appropriate form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

COURT'S INSTRUCTIONS TO THE JURY