UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TECHLINK, INC., a Hawaiian corporation,

    Plaintiff,

v.

GRAYS HARBOR PUBLIC DEVELOPMENT AUTHORITY, a Washington public corporation,

    Defendants.

CASE NO. C06-5424RJB

ORDER DENYING MOTION FOR NEW TRIAL

This matter comes before the Court upon the Plaintiff's Motion for New Trial (Dkt. 134). The court is familiar with the records and files herein, the events of the trial, and documents filed in support of and in opposition to the motion.

The motion should be denied for the following reasons:

(1) The issues presented in support of the motion for new trial were all considered by the court at the time of trial and the court's rulings were appropriate and consistent with the law

(2) The authorities cited by the plaintiff for the proposition that the court should have ruled on the question of whether the contract was integrated rather than leaving that question to the jury were non-jury cases and the language from those cases and from the Restatement (Second) of Contracts § 209(2) do not stand for the proposition that the question of integration must <u>always</u> be presented to the judge rather than to the jury. *See Barber v. Rochester*, 52 Wn.2d 691(1958), *Emrich v. Connell*, 105 Wn.2d 551 (1986), *Lopez v. Reynoso*, 129 Wn. App. 165 (2005), *Blackthorne v. Posner*, 883 F. Supp. 1443 (D. Or. 1995).

ORDER
Page 1

The *Blackthorne* case involved a summary judgment motion. In that case, Judge Jones ruled that, before, trial, he would conduct a court hearing to determine integration and admissibility of certain evidence under Oregon law and under Federal Rule of Evidence 104. That procedure is certainly appropriate if a <u>bench</u> trial is to follow such a hearing. If, however, as in the case at bar, there is a fact issue on contract integration, to take that issue from the jury is to deny the parties their right to have a jury determine issues of fact.

Nor does the Restatement (Second) of Contracts § 209(2) stand for the proposition that an integration fact issue must always be decided by the judge and not the jury. Comment c. to § 209, <u>Proof of Integration</u>, provides, "<u>Ordinarily</u> the issue whether there is an integrated agreement is determined by the trial judge in the first instance. . ." Furthermore, both Federal Rule of Evidence Rule 104(b) and Washington Pattern Jury Instructions (Civil) Fifth Edition (§§ 301.05 & 301.06) contemplate the procedure followed in this case.

The question of jury integration was properly given to the jury under proper jury instructions.

(3) The court's Instruction No. 16 on lost opportunity damages was an appropriate statement of the law, but if in any way it was in error, the error was harmless because of the jury's verdict on liability, which favored the defendant.

(4) While federal law does not specifically prohibit a judge from commenting on the evidence, the Washington State Constitution does prohibit such comments. Const., Art. IV, § 16 ("Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law.") This diversity case was tried on the basis of Washington State law. The better practice for the court in such circumstances is to refrain from comment on the evidence. The language plaintiff believes the court should have added to the court's Instruction No. 14 is such a comment on the evidence, and, in fact, is an unfair comment slanting the evidence in favor of the plaintiff.

ORDER
Page 2

(5)  It is this court's opinion that the primary issue in this case was whether the jury would accept the testimony of the owner of plaintiff Techlink, Inc., Alan Kemp. It is apparent from the verdict that the jury did not accept Mr. Kemp's testimony, and a defense verdict resulted.

The trial was fair in all respects, was not against the weight of the evidence, and conformed to applicable law, upon which the jury was appropriately instructed. There was no miscarriage of justice here. Therefore, it is now

ORDERED that the Motion for New Trial is DENIED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 27th day of December, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge